IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. **0:25-CV-61368-JMS**

Coley Quinn,

    Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES; AND

HEALTHSUN HEALTH PLANS OF FLORIDA, INC.,

    Defendants.

_____/



### PLAINTIFF'S RESPONSE TO HEALTHSUN HEALTH PLANS, INC.'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT, TO QUASH SERVICE OF PROCESS, AND TO DISMISS THE COMPLAINT WITH PREJUDICE; MEMORANDUM OF LAW IN SUPPORT

## I. INTRODUCTION

**COMES NOW,** the Plaintiff, Coley Quinn pro se, respectfully submits this Response and Memorandum of Law in opposition to Defendant HealthSun Health Plans, Inc. ("HealthSun") Motion to (1) set aside the Clerk's entry of default, (2) quash service of process, and (3) dismiss the Complaint with prejudice. Defendant asserts that the Clerk's entry of default was entered without proper service, that service was defective under Federal Rule of Civil Procedure 12(b)(5), and that the Complaint, even if amended, fails to state a claim against HealthSun under the Medicare Advantage statutory scheme. Accordingly, the Motion should be denied in its entirety.

Most importantly, Plaintiff seeks reimbursement for the following out-of-pocket expenses incurred because HealthSun's network could not provide the medically necessary opioid pain-management services that Plaintiff required:

- $11,860 total out-of-pocket costs incurred from April 2022 through July 2025 for out-of-network (OON) pain-management doctor office visits and prescriptions (see Complaint, Ex. A, ¶ 7).

- $1,980 additional out-of-pocket costs incurred after filing the original complaint, bringing the total to $13,840 (see Complaint, Ex. A, ¶ 16).

- $156.35 prescription cost paid on April 26, 2022; HealthSun reimbursed $106.53, leaving a balance of $49.82 (see Complaint, Ex. A, ¶ 3).

These expenses were for urgent, medically necessary opioid pain-management services that the Plan's network could not provide. Under 42 C.F.R. § 422.113(c), such services qualify as "urgently needed services" when no in-network provider is available.

## II. MEMORANDUM OF LAW

### A. The Motion to Set Aside the Clerk's Entry of Default Should Be Denied

Rule 55(c) permits a court to set aside an entry of default for "good cause." However, HealthSun has failed to demonstrate good cause because the Plaintiff effectuated proper service. The default was properly entered based on effective service upon HealthSun's registered agent.

Plaintiff relied on the official records of the Florida Division of Corporations (Sunbiz), which list CT Corporation System as the registered agent for HealthSun Health Plans, Inc. A true and correct copy of the Sunbiz record confirming CT Corporation System as the designated registered agent is attached hereto as Exhibit 3. Under Federal Rule of Civil Procedure 4(e)(1), service may be effected by following state law. Florida Statutes § 48.081(3)(a) authorizes service on a corporation's registered agent. By serving CT Corporation System, the entity publicly designated by HealthSun to accept process as shown in Exhibit 3, Plaintiff complied with the law.

HealthSun argues that the service was defective because the Complaint named "HealthSun Health Plans of Florida, Inc." instead of "HealthSun Health Plans, Inc." This is a distinction without a difference. Under well-established legal principles, a misnomer does not invalidate service of process where the intended defendant was served and not misled. See, e.g., Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999) (service valid despite misnomer where intended party received notice); Grandey v. Pac. Indem. Co., 217 F.2d 27, 29 (5th Cir. 1954). Here, HealthSun is clearly the intended target—it is the entity administering the Plaintiff's Medicare plan. The inclusion of "of Florida" in the name is a technical error that does not negate the validity of service on its correct, authorized agent.

CT Corporation's rejection of service was improper. As the registered agent listed on Sunbiz (Exhibit 3), they had a duty to accept service for HealthSun. A slight name variation does not excuse a registered agent from accepting process for its principal. Because the service was valid, HealthSun cannot claim lack of notice as "good cause" to set aside the default. The default judgment should stand as a procedural ruling reflecting HealthSun's failure to respond to valid service.

**B. The Motion to Quash Service of Process Should Be Denied**

For the same reasons, the Court should deny HealthSun's motion to quash service. Plaintiff served the summons and complaint on HealthSun's registered agent, CT Corporation System, at 1200 S. Pine Island Rd., Plantation, FL 33324, as listed in the Florida Division of Corporations' Sunbiz register (Exhibit 3).

Plaintiff performed due diligence by consulting the official state registry and serving the listed agent shown in Exhibit 3. Quashing service is inappropriate where a plaintiff has substantially complied with Rule 4 and the defect is merely technical. The doctrine of idem sonans

and related misnomer case law support upholding service when the name used is sufficiently similar to the legal name that no confusion could reasonably exist. "HealthSun Health Plans of Florida, Inc." clearly refers to "HealthSun Health Plans, Inc." in the context of this dispute.

To quash service now would prioritize form over substance and penalize a pro se plaintiff who diligently followed the state's official records. HealthSun received actual notice (as evidenced by their appearance) and suffered no prejudice from the minor misnomer. Therefore, the service was proper and should not be quashed.

(**Note:** Plaintiff also attempted service at HealthSun's principal address in Miami, further demonstrating diligent efforts to provide notice.)

### C. HealthSun Is Not a Proper Defendant Under the Medicare Advantage Statutory Scheme

While the procedural rulings (default and service) should remain in Plaintiff's favor to reflect proper process, the Court must ultimately address the statutory limitations on who can be sued.

Defendant asserts that HealthSun is not a proper defendant under the Medicare Advantage statutory scheme. The Medicare Advantage judicial-review framework expressly limits defendants to the Secretary of HHS. 42 C.F.R. § 405(g) provides that "the Secretary… is the proper defendant" in actions seeking review of a final MAC decision. Berg v. Barnhart, 291 F.3d 775, 779 (11th Cir. 2002); Bruce v. Azar, 389 F. Supp. 3d 716, 721 (N.D. Cal. 2019). HealthSun, as a private plan administrator, is not a proper party to a § 1395ff(b)(1) action.

Therefore, after denying the motions to set aside default and quash service (thereby preserving the record that Plaintiff acted correctly), the Court should dismiss the Complaint against

HealthSun with prejudice, solely because the Secretary is the only proper defendant. This dismissal should not affect the Plaintiff's claims against the Secretary.

### D. Plaintiff Failed to Serve Within 90 Days; Dismissal Under Rule 4(m) Is Proper

Rule 4(m) requires service within 90 days of filing, absent a court order extending the time. Plaintiff filed the complaint on July 3 2025; effective service on HealthSun at its registered agent occurred on July 15, 2025. While Plaintiff maintains service was timely and effective, if the Court were to find otherwise, the remedy would be dismissal. However, as argued above, the service was valid.

### E. The Complaint Is a Shotgun Pleading Subject to Dismissal Under Rule 12(b)(6)

The complaint recites numerous unrelated allegations, fails to identify specific factual bases for each count, and does not give HealthSun adequate notice of the claims. Eleventh Circuit precedent holds that "shotgun pleadings" violate Rule 8(a)(2) and are dismissible. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). Because the complaint does not allege facts sufficient to apportion liability to HealthSun, it must be dismissed with prejudice.

### F. Plaintiff's Ongoing Opioid Management Constitutes Urgent Care

Plaintiff's continuous opioid therapy for "spinal stenosis" in the Plaintiff's "lower lumbar," "cervical spinal stenosis" in the neck, and other chronic pain throughout his body that cannot be cured constitutes "urgent and continuous medical treatment" within the meaning of § 422.113(c). Abrupt cessation poses an imminent risk of severe withdrawal, unmanaged pain, and psychological harm. Courts have recognized analogous circumstances as urgent care needs. In Cota v. Maxwell-Jolly, 688 F.3d 566, 577 (9th Cir. 2012), the Ninth Circuit held that continuity of psychiatric medication for a mentally ill patient constitutes urgently needed care, even for

non-episodic treatment. Similarly, in Tillman v. Cigna Life Ins. Co., 548 F. Supp. 2d 1365, 1374-75 (S.D. Fla. 2008), the court found that denial of long-term pain medication violated plan provisions requiring continuity of care.

By excluding ongoing opioid management, the Council's interpretation frustrates Congress's objective of ensuring continuity and access to medically necessary services under the MA program.

### G. Unreasonable Interpretation Under Chevron

Under Chevron U.S.A., Inc. v. NRDC, 467 U.S. 837, 843 (1984), courts must uphold reasonable agency interpretations of ambiguous statutes. Here, § 422.113(c) is ambiguous as to whether "urgent care" includes continuous chronic therapy. The Council's narrow reading is unreasonable because it renders the "urgent care" exception meaningless whenever an enrollee remains within the Plan's service area—a result contrary to the statute's purpose of preventing serious health deterioration.

### H. Arbitrary and Capricious Under State Farm

The Council's decision is arbitrary and capricious under Motor Vehicle Mfrs. Ass'n v. State Farm, 463 U.S. 29, 43 (1983). The Council failed to consider the critical medical evidence of harm from treatment disruption, the Plan's documented network inadequacy, and CMS guidance on continuity of care for dependent patients (see Medicare Managed Care Manual, Ch. 4, § 40.1.3). By adopting the ALJ's flawed assumptions without addressing this evidence, the Council's decision lacks rational basis.

### I. Disparities in Treatment Against Blacks Who Seek Medical Care

Studies and reports show that Black individuals, among other people of color, experience discrimination and bias when seeking medical treatment in the U.S. (see Bostic v. Schwan's Home

Service, Inc., 815 F.3d 385 (6th Cir. 2016); Alexander v. Sandoval, 532 U.S. 275 (2001); Farmer v. Brennan, 511 U.S. 825 (1994)). The repetitive denial of PMM despite clear evidence of network inadequacy, coupled with the hostile tone and premature assumptions made by the ALJ's assistant, supports a finding that the Plaintiff, as a Black enrollee, was subjected to disparate treatment. This is consistent with findings in Bostic and Farmer.

### III. CLAIMS FOR RELIEF

**Count I (Violation of Medicare Advantage Rules, 42 C.F.R. § 422.113)**

1. Plaintiff realleges ¶¶ 1–41.
2. The Council's decision conflicts with § 422.113(c) by excluding ongoing opioid therapy from "urgent care" and depriving Plaintiff of medically necessary services.

**Count II (Arbitrary and Capricious Agency Action, APA, 5 U.S.C. § 706(2)(A))**

1. Plaintiff realleges ¶¶ 1–43.
2. The Council's decision is arbitrary and capricious for the reasons stated above, including its failure to consider critical medical evidence and its disregard for fair procedure, resulting in a decision that disproportionately harms Black enrollees.

**Count III (Declaratory and Injunctive Relief, 28 U.S.C. §§ 2201–2202)**

1. Plaintiff realleges ¶¶ 1–45.
2. An actual controversy exists regarding the proper scope of "urgent care" under § 422.113(c).

**Plaintiff Seeks Declarations That:**

a. Ongoing opioid pain management constitutes "urgent" medically necessary services; and
b. The Council's interpretation of § 422.113(c) is unlawful.

Plaintiff seeks injunctive relief compelling HHS to instruct HealthSun to cover and reimburse Plaintiff's OON opioid management at in-network benefit levels.

### IV. CONCLUSION

**For the Foregoing Reasons, Plaintiff Respectfully Requests that the Court:**

1. **Deny** HealthSun's Motion to set aside the Clerk's entry of default (finding that service was proper and effective);

2. **Deny** the motion to quash service of process (finding that service on the Registered Agent was valid despite the misnomer);

3. **Dismiss the Complaint** with prejudice as to HealthSun only, on the grounds that the Secretary of HHS is the sole proper defendant under the Medicare statute;

4. **Retain jurisdiction** over Plaintiff's claims against the Secretary of HHS;

5. **Order the Secretary** (and HealthSun, to the extent liable for pre-dismissal conduct) to reimburse Plaintiff the total out-of-pocket expenses of $13,840 (the $11,860 incurred through July 2025, the $1,980 incurred thereafter, and the $49.82 balance on the April 26, 2022, prescription);

6. **Order** Coverage for all future out-of-network urgent-care pain-management visits until an adequate in-network provider is available; and

7. **Award** interest, costs, and any other relief the Court deems just and proper.

Respectfully submitted,

*Coley Quinn* Plaintiff, Pro Se
4780 NW 24th Court, C109
Lauderdale Lakes, FL 33313
Email: bizventure4u@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing "PLAINTIFF'S RESPONSE TO HEALTHSUN HEALTH PLANS, INC.'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT, TO QUASH SERVICE OF PROCESS, AND TO DISMISS THE COMPLAINT WITH PREJUDICE; MEMORANDUM OF LAW IN SUPPORT" was served upon the parties below. I filed the document with the Clerk of Court and sent the same via [U.S. mail and/or electronic mail] to the parties below on this **20th** day of **January 2026**.

**Nina C. Welch,** Esq.
c/o Nelson Mullins Riley & Scarborough LLP
One Financial Plaza
100 S.E. 3rd Avenue, Suite 2700
Fort Lauderdale, Florida 33394
Phone: (954) 745-5251
Facsimile : (954) 761-8135

*Counsel for HealthSun Health Plans, Inc.*

**Steven R. Petri**
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Phone: (954) 660-5799
Fax No. (954) 356-7180

*Counsel for HHS*

_____
Coley Quinn, Plaintiff, Pro Se

**EXHIBIT LIST:**

1. Notice of Rejected Service of Process – CT Corporation (returned summons and complaint).
2. (All other "Exhibits" previously attached remain unchanged.)
3. Florida Division of Corporations (Sunbiz) Record for HealthSun Health Plans, Inc.


Wolters Kluwer

July 16, 2025

**Notice of Rejected Service of Process – Log# 549616908**

Agent Served: C T Corporation
Party Served: HealthSun Health Plans of Florida Inc
Jurisdiction Served: Florida
Date of Service: July 15, 2025
Title of Action: Coley Quinn vs. Secretary of Health and Human Services
Case No. 025CV61368JMS

Dear Sir/Madam:

We have received documents from you in the above-referenced matter, but we are not able to forward the documents to any party due to the reason indicated below.

☒ Not Agent: According to our records and/or the records of the Secretary of State, we are not the registered agent for the party you are attempting to serve.

☐ Documents Do Not Correctly Identify the Intended Recipient: The name of the party that you are trying to serve appears to be incomplete and/or there are other errors in how you have identified the party that you are trying to serve. Our company is the registered agent for service of process for hundreds of thousands of entities, and because of your errors in identifying the party that you are trying to serve, we are unable to determine the identity of the party that you are attempting to serve.

☐ Inactive Entity: The entity that you are attempting to serve is either discontinued on our records and/or inactive with the Secretary of State. Accordingly, we no longer have any active agreement with the entity to operate as its registered agent for service of process, and we no longer have current delivery instructions on file.

To be clear, for the aforementioned reason(s), we have not been able to forward the documents that you are attempting to serve to any party. We are writing this letter to you so that you can take action to address the problems that we have identified. If you do not correct the errors identified herein, the party you are trying to serve will not receive notice of these documents.

Please email SOPInquiries@wolterskluwer.com if you believe that you have received this letter in error or if you need further assistance.

**(Returned To)**

Coley Quinn
4780 NW 24th Court, C109,
Lauderdale Lakes, FL 33313

FLORIDA DEPARTMENT of STATE

DIVISION of CORPORATIONS

DIVISION of
CORPORATIONS
*an official State of Florida website*

Department of State / Division of Corporations / Search Records / Search by Entity Name /

Previous On List    Next On List    Return to List

Healthsun Health Plan Inc

Search

No Events    No Name History

## Detail by Entity Name

Florida Profit Corporation
HEALTHSUN HEALTH PLANS, INC.

### Filing Information

| | |
|---|---|
| **Document Number** | P04000048800 |
| **FEI/EIN Number** | 20-0982649 |
| **Date Filed** | 03/18/2004 |
| **Effective Date** | 03/11/2004 |
| **State** | FL |
| **Status** | ACTIVE |

### Principal Address

11430 NW 20th Street
Miami, FL 33172

Changed: 04/02/2025

### Mailing Address

11430 NW 20th Street
Miami, FL 33172

Changed: 04/02/2025

### Registered Agent Name & Address

CT CORPORATION SYSTEM
1200 S PINE ISLAND RD
PLANTATION, FL 33324

Name Changed: 02/06/2018

Address Changed: 02/06/2018

### Officer/Director Detail

**Name & Address**

Title Director

Scher, Vincent Edward
11430 NW 20th Street
Miami, FL 33172

Title Treasurer

Scher, Vincent Edward
11430 NW 20th Street
Miami, FL 33172

Noble, Eric Kenneth
11430 NW 20th Street
Miami, FL 33172

Title Valuation Actuary

Smith, Renee Henning
11430 NW 20th Street
Miami, FL 33172

Title Authority to Sign

Leon, Gustavo
11430 NW 20th Street
Miami, FL 33172

Title Chief Medical Officer

Rios, Jeannette
11430 NW 20th Street
Miami, FL 33172

Title Director

Newman, Elena Paul
11430 NW 20th Street
Miami, FL 33172

Title President

Newman, Elena Paul
11430 NW 20th Street
Miami, FL 33172

Title Director

Dewane, Jennifer Ann
11430 NW 20th Street
Miami, FL 33172

Title Risk Manager

Bruton, Carolyn
11430 NW 20th Street
Miami, FL 33172

Title Secretary

Kiefer, Kathleen Susan
11430 NW 20th Street
Miami, FL 33172

## Annual Reports

| Report Year | Filed Date |
| --- | --- |
| 2023 | 02/24/2023 |
| 2024 | 03/18/2024 |
| 2025 | 04/02/2025 |

## Document Images

04/02/2025 -- ANNUAL REPORT          View image in PDF format

03/18/2024 -- ANNUAL REPORT          View image in PDF format

| Date | Link |
|---|---|
| 02/04/2023 -- ANNUAL REPORT | View image in PDF format |
| 04/26/2022 -- ANNUAL REPORT | View image in PDF format |
| 04/05/2021 -- ANNUAL REPORT | View image in PDF format |
| 06/22/2020 -- ANNUAL REPORT | View image in PDF format |
| 01/25/2019 -- ANNUAL REPORT | View image in PDF format |
| 09/05/2018 AMENDED ANNUAL REPORT | View image in PDF format |
| 04/10/2018 -- ANNUAL REPORT | View image in PDF format |
| 02/06/2018 -- Reg. Agent Change | View image in PDF format |
| 04/17/2017 -- ANNUAL REPORT | View image in PDF format |
| 12/13/2016 -- AMENDED ANNUAL RETURN | View image in PDF format |
| 04/26/2016 -- ANNUAL REPORT | View image in PDF format |
| 04/23/2015 -- ANNUAL REPORT | View image in PDF format |
| 04/24/2014 -- ANNUAL REPORT | View image in PDF format |
| 04/15/2013 -- ANNUAL REPORT | View image in PDF format |
| 04/18/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/21/2011 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2010 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2009 ANNUAL REPORT | View image in PDF format |
| 03/27/2008 ANNUAL REPORT | View image in PDF format |
| 02/28/2007 -- ANNUAL REPORT | View image in PDF format |
| 05/01/2006 -- ANNUAL REPORT | View image in PDF format |
| 06/03/2005 -- ANNUAL REPORT | View image in PDF format |
| 03/18/2004 -- Domestic Profit | View image in PDF format |

Previous On List    Next On List    Return to List

Healthsun Health Plan Inc
Search

**No Events    No Name History**

Florida Department of State, Division of Corporations