**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:25-cv-61368-JMS

COLEY QUINN,

    Plaintiff,

    v.

SECRETARY OF HEALTH AND
HUMAN SERVICES (HHS); AND HEALTHSUN
HEALTH PLANS OF FLORIDA, INC.

    Defendants.
_____/

**DEFENDANT SECRETARY OF HHS' MEMORANDUM OF LAW IN RESPONSE TO SUBSECTION 4 OF THE COURT's *JANUARY 5, 2026 ORDER***

Defendant, Robert F. Kennedy, Jr., in his official capacity as Secretary of the United States Department of Health and Human Services (hereinafter "the Secretary"), by and through the United States Attorney for the Southern District of Florida, hereby files this Memorandum of Law pursuant to subsection four (4) of the January 5, 2026 *Order Setting Various Deadlines and Providing Directions to Clerk*. [DE 25] at 2.

Under § 1852(g)(5) of the Social Security Act, as codified in 42 U.S.C. § 1395w-22(g)(5), an enrollee in a Medicare Advantage Plan ("MA Plan") may obtain judicial review of the Medicare Appeals Council's final decision pursuant to 42 U.S.C. § 405(g) and the specific implementing regulations at 42 C.F.R., part 422 (subpart M). *See, e.g.*, 42 C.F.R. §§ 422.560(a)(2)-(4), (b); 422.562(b)(vi); and 422.612. Although § 1852(g)(5) of the Act provides that a Medicare Advantage organization is entitled to be a party to judicial review, HealthSun has not elected to be a party in this matter and has filed a motion to dismiss HealthSun as a defendant.  The Secretary acknowledges HealthSun (the MA Plan) would likely be bound in the event of an adverse judicial decision in this matter, since the relevant Medicare regulation provides that reversals (in whole or in

part) resulting from "a higher level of appeal" require the MA organization to "pay for, authorize, or provide the service under dispute as expeditiously as the enrollee's health condition requires, but no later than 60 calendar days from the date it receives notice reversing the determination" and provide notice that the decision has been effectuated. 42 C.F.R. § 422.618(c)(1).

Nevertheless, in applying the plain language of the relevant statutory and regulatory framework, the Ninth Circuit and various federal district courts have consistently held that the Secretary of HHS is the *only* proper defendant in any civil action seeking judicial review of a decision of the Medicare Appeals Council. *See* 42 U.S.C. § 1395w-22(g)(5) and 42 C.F.R. § 405.1136(d)(1); *see also Conahan v. Sebelius*, 659 F.3d 1246, 1249 (9th Cir. 2011); *Johnson v. Azar*, 2022 WL 874936 at *4 (D. Md. 2022); *Thaxton v. Medicare Appeals Council*, 2015 WL 1731213 at *1 (M.D. Tenn. 2015); *Storman v. Kaiser*, 2015 WL 2006662 at *4 (E.D. Cal. 2015); *McElhone v. Sebelius*, 2014 WL 1048583 (N.D. Cal. 2014); *Logan v. Sebelius*, 2012 WL 4429090 (D. Or. 2012); *Woodfill v. Sebelius*, 2012 WL 4863218 (N.D. Ohio 2012); *United HealthCare Ins. Co. v. Sebelius*, 774 F.Supp.2d 1014, 1016 (D. Minn. 2011); and *Madsen v. Kaiser Foundation Health Plan, Inc.*, 2009 WL 1537878 at *9 (S.D. Cal. 2009).

It should be noted that the parties appear to be in agreement that HealthSun should be dismissed from the case. Plaintiff's Response to HealthSun's Motion to Set Aside the Default stated that "HealthSun, as a private plan administrator, is not a proper party to a Section 1395ff(b)(1) action." DE 31 at pg. 4. The Response also stated that "the Court should dismiss the Complaint against HealthSun with prejudice, solely because the Secretary is the only proper defendant. This dismissal should not affect the Plaintiff's claims against the Secretary." Id at pgs. 4-5. Further, on February 3, 2026, undersigned counsel received email correspondence from HealthSun's counsel that their position in regard to the issue addressed in this filing is the following: "HealthSun Health Plans, Inc. takes the position that it is not a proper defendant in this case, as set forth in its Motion to

Set Aside Default (DE 29)."

In view of the above, the Secretary respectfully asserts that HealthSun is not a proper defendant in this matter. Moreover, the Secretary believes it would be inappropriate for Plaintiff to commence any separate legal action against HealthSun. HealthSun would be required to "pay for, authorize, or provide the service under dispute" in this action should the court find in Plaintiff's favor. 42 C.F.R. § 422.618(c)(1). Therefore, the Secretary agrees with both HealthSun and Plaintiff that HealthSun is not a necessary or proper party in this case.

Wherefore, Defendant HHS recommends that the Court dismiss HealthSun as a Defendant.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:  *Steven R. Petri*
STEVEN R. PETRI
Steven R. Petri
Assistant United States Attorney
Federal Bar No. 5500048
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
(954)660-5799; Fax: (954)356-7180
Email: Steve.Petri@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of February 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Further, a copy of this pleading was provided to the pro se Plaintiff via U.S. Mail at the listed address of 4780 NW 24th Court, C109 Lauderdale Lakes, FL 33313, and emailed to him at bizventure4u@gmail.com. Counsel for HealthSun shall receive notice both through ECF and a courtesy copy sent to her email address of record.

*/s/ Steven R. Petri*
Assistant U.S. Attorney