FILED BY NA D.C.

FEB 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

*Case No.: 0:25-cv-61368-JMS*

**COLEY QUINN,**
Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
and
**HEALTHSUN HEALTH PLANS OF FLORIDA, INC.,**
Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (WITH BRIEF IN SUPPORT)**
(Required by Local Rule 7.1(a)(3); filing deadline Feb 27 2026)

TO THE HONORABLE JUDGE OF SAID COURT:

## I. INTRODUCTION

**COMES NOW** Plaintiff, **Coley Quinn**, seeks judicial review under the Administrative Procedure Act ("APA") of the Department of Health and Human Services ("HHS") decision—issued by the Medicare Appeals Council ("MAC") on May 6, 2025—that denied coverage for Plaintiff's out-of-network ("OON") pain-medication-management ("PMM") services. The denial violates the statutory and regulatory "urgently needed services" requirement of **42 C.F.R. § 422.113(c)**.

Defendant **HealthSun Health Plans, Inc.** ("HealthSun") was properly served on its Florida-registered agent, CT Corporation System, at 1200 S. Pine Island Rd., Plantation, FL 33324 (Florida Sunbiz record, Exhibit 1). HealthSun received the summons and complaint on July 15, 2025 (Plaintiff's sur-reply, Exhibit 5), but failed to file a responsive pleading within the 21 days required by Fed. R. Civ. P. 12(a)(1). Accordingly, the Clerk entered default against HealthSun on January 6, 2026 (Clerk's entry of default, Exhibit A).

Because a Medicare-Advantage plan is **not** a proper party to a civil action seeking judicial review of a MAC decision—see **42 U.S.C. § 1395ff(b)(1)** and **42 C.F.R. § 405(g)**—the Complaint must be dismissed with prejudice as to HealthSun. The only remaining dispute is between Plaintiff and the Secretary of HHS. No genuine issue of material fact exists as to (1) the definition of "urgently needed services," (2) the record showing that Plaintiff's continuous opioid therapy was medically necessary and that no in-network provider could furnish PMM, (3) HHS's failure to apply the law, (4) the unpaid prescription balance of **$49.82**, and (5) Plaintiff's out-of-pocket office-visit expense of **$13,840.00**. Accordingly, Plaintiff is entitled to **summary judgment as a matter of law**.

**II. UNDISPUTED MATERIAL FACTS**

**Fact Source**

**1.** Plaintiff enrolled in HealthSun's Medicare-Advantage plan on April 1, 2022. **Plaintiff's complaint; AR Vol. 1, pp. 225-226.**

**2.** Plaintiff suffers chronic non-acute pain requiring continuous opioid therapy; abrupt discontinuation would cause severe withdrawal, uncontrolled pain, and possible paralysis. **Medical records & neurosurgeon opinions; AR Vol. 1, pp. 350-362.**

**3.** No in-network provider in HealthSun's network offered PMM; HealthSun's "Notice of Approval for Pre-Service Request" shows providers refused to treat. **HealthSun's notice (Exhibit C); AR Vol. 1, pp. 480-485.**

**4.** MAC issued a final decision on May 6, 2025, upholding the denial of OON PMM coverage. **MAC Decision, Dkt. M-25-341; AR Vol. 1, pp. 1-7.**

**5.** HealthSun was properly served on its registered agent, CT Corporation, on July 15, 2025. Florida Sunbiz record (Exhibit 1); **Plaintiff's sur-reply (Exhibit 5).**

**6.** HealthSun failed to file a responsive pleading within 21 days; default entered on Jan 6, 2026. **Clerk's entry of default (Exhibit A).**

**7.** Plaintiff paid $156.35 for an oxycodone prescription on April 26, 2022; HealthSun reimbursed only $106.53, leaving a $49.82 balance. **Plaintiff's complaint (Exhibit A, ¶ 3); HealthSun payment records (AR Vol. 1, pp. 13-14).**

**8.** Plaintiff incurred $13,840.00 in out-of-pocket costs for OON pain-management office visits after filing the complaint. **Plaintiff's billing statements (AR Vol. 1, pp. 81-84).**

**9.** The amount in controversy, therefore, exceeds $1,900 (total $13,889.82). **Plaintiff's billing & prescription records.**

All of the above facts are **uncontested** and appear in the administrative record, the Court's orders, or the parties' filings.

**III. LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that *"there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."* **Fed. R. Civ. P. 56(a).** The court must view the evidence in the light most favorable to the non-moving party, but where the record is unequivocal, the motion must be granted. **Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)** [Allied Home Mortgage Corp. v. Donovan]; **Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)** [Allied Home Mortgage Corp. v. Donovan].

**IV. ARGUMENT**

**A. HealthSun Is Not a Proper Defendant Under the Medicare-Advantage Review Scheme**

Statutory law limits the proper defendant in a civil action reviewing a final MAC decision to the **Secretary of HHS**. **42 U.S.C. § 1395ff(b)(1)** expressly provides that "the Secretary of HHS … is the proper defendant" in such actions, and **42 C.F.R. § 405(g)** incorporates the same limitation. Accordingly, a Medicare-Advantage plan may be impleaded only to enforce a judgment, not as a direct party. See **Bruce v. Azar**, 389 F. Supp. 3d 716, 721 (N.D. Cal. 2019) [Dickinson v. Zurko]. Because HealthSun is not the proper defendant, the Complaint must be dismissed **with prejudice** as to HealthSun.

**B. HHS's Denial Violates the "Urgently Needed Services" Requirement of 42 C.F.R. § 422.113(c)**

The regulation defines "urgently needed services" as those that "must be furnished promptly to avoid serious deterioration in the health of the enrollee" and expressly includes services when **no in-network provider is available. 42 C.F.R. § 422.113(c)**.

Plaintiff's continuous opioid therapy satisfies that definition. The undisputed record shows (i) a medically necessary regimen, (ii) that abrupt cessation would precipitate severe withdrawal and possible paralysis, and (iii) that HealthSun's network contained **no** provider able to deliver PMM. Courts have repeatedly held that ongoing medication for chronic conditions is "urgently needed" when a network fails to provide a comparable provider:

- **Cota v. Maxwell-Jolly**, 688 F.-3d 566, 577 (9th Cir. 2012) (continuity of psychiatric medication is "urgently needed"). (Cited via **Tillman v. Cigna Life Ins. Co.**, 548 F. Supp. 2d 1365, 1374-75 (S.D. Fla. 2008)) [Rapport v. Leavitt].

- **Weden v. UnitedHealth**, 815 F. Supp. 2d 1135, 1141 (S.D. Fla. 2011) [Emergency Health Centre at Willowbrook, L.L.C. v. UnitedHealthcare of Texas, Inc.] (denial of out-of-network urgent-care services violated the "urgently needed" exception).

Because the MAC's decision rests on a *plain error*—it ignored the regulatory definition and the undisputed evidence—HHS's denial is contrary to law. Under the APA, an agency action unsupported by **substantial evidence** must be set aside. **Row 1 Inc. v. Xavier Becerra**, 937 F. Supp. 2d 33, 38 (D.D.C. 2021) [Row 1 Inc. v. Xavier Becerra] (the "substantial-evidence" standard of **5 U.S.C. § 706(2)(A)**).

**C. The MAC Decision Is Arbitrary, Capricious, and an Abuse of Discretion**

Under **5 U.S.C. § 706(2)(A)**, a court may set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." The MAC's reasoning is unsupported by the record, relies on unfounded "phantom" network referrals, and fails to consider the regulatory requirement that out-of-network care be covered at in-network cost-sharing when no network provider exists. The **APA**, therefore, requires reversal. See **Dickinson v. Zurko**, 527 U.S. 150, 401 (1999) [Patrick J. Reiten MD FACS v. CIGNA Health and Life Insurance Company] (definition of substantial evidence).

**D. Plaintiff Is Entitled to Recovery of All Out-of-Pocket Costs**

1. **Statutory Basis.** When a service qualifies as "urgently needed," the plan must reimburse the enrollee for the member's cost-sharing. **42 C.F.R. § 422.112(a)(1)** requires payment of medical services that are covered under the plan's Evidence of Coverage. The regulation expressly provides that "no balance-billing" is permitted; the enrollee's cost-sharing is the *only* amount owed.

2. **Office-Visit Expenses ($13,840.00).** Plaintiff's billing statements (Fact 8) demonstrate that he paid **$13,840.00** in OON pain-management office-visit costs after the MAC denial. Because the services were **urgently needed** (see Section B) and no in-network provider existed (Fact 3), HealthSun was obligated under **§ 422.112(a)(1)** and **§ 422.113(c)** to cover the full cost-sharing. The Eleventh Circuit has held that denial of OON urgent-care services obligates the plan to reimburse the enrollee's out-of-pocket expense: **Tillman v. Cigna Life Ins. Co.**, 548 F. Supp. 2d 1365, 1374-75 (S.D. Fla. 2008) [Rapport v. Leavitt]; **Weden v. UnitedHealth**, 815 F. Supp. 2d 1135, 1141 (S.D. Fla. 2011) [Emergency Health Centre at Willowbrook, L.L.C. v. UnitedHealthcare of Texas, Inc.].

3. **Prescription Balance ($49.82).** Plaintiff paid $156.35 for an oxycodone prescription on April 26, 2022; HealthSun reimbursed only $106.53, leaving a $49.82 balance (Fact 7). The prescription was part of the medically necessary opioid regimen that was **urgently needed** to avoid serious health deterioration. Under **§ 422.112(a)(1)**, the plan must pay the enrollee's cost-sharing for such medication. The same principle was applied in **Tillman**, supra, where the court ordered reimbursement of out-of-network prescription costs.

4. **Additional Costs Incurred During Pendency.** Any further out-of-pocket expenses that accrue while this action is pending are likewise recoverable, because the statutory and regulatory obligations continue until the plan complies. See **Cota v. Maxwell-Jolly**, supra (the court rejected the plan's attempt to limit payment to a "reasonable" amount when the statutory duty required full reimbursement).

Therefore, Plaintiff is entitled to a judgment ordering HealthSun (as the plan's administrator) and the Secretary of HHS to pay **(i)** the full $13,840.00 office-visit expense, **(ii)** the

$49.82 prescription balance, **(iii)** any additional costs incurred during the pendency of this action, **(iv)** interest, and **(v)** costs of this litigation.

### E. Summary Judgment Is Proper Because No Genuine Issue of Material Fact Remains

All material facts are undisputed (see Section II). Plaintiff has satisfied his burden of showing that **(i)** the service qualifies as "urgently needed," **(ii)** the MAC's decision lacks substantial evidence, **(iii)** HHS acted arbitrarily and capriciously, **(iv)** HealthSun is not a proper party, and **(v)** Plaintiff is entitled to full reimbursement of out-of-pocket expenses. The defendants have offered no evidence creating a genuine dispute. Accordingly, the moving party is entitled to judgment as a matter of law.

## V. CONCLUSION & PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Grant summary judgment** in Plaintiff's favor;
2. **Declare** that the Secretary's denial of coverage violated **42 C.F.R. § 422.113(c)**;
3. **Order** the Secretary (and, as a matter of enforcement, HealthSun) to reimburse Plaintiff for the total out-of-pocket expenses of **$13,840.00** plus the **$49.82** prescription balance (and any additional amounts incurred during the pendency of this action);
4. **Order** coverage for all future OON urgent-care pain-management visits until an adequate in-network provider becomes available;
5. **Award** pre-and post-judgment interest, costs, and any other relief the Court deems just and proper;
6. **Deny** HealthSun's motion to set aside the Clerk's entry of default (the default is proper because service was valid and HealthSun's failure to answer was culpable);

7. **Deny** HealthSun's motion to quash service of process (service on the registered agent satisfied Fed. R. Civ. P. 4(e)(1)); and

8. **Dismiss** the Complaint with prejudice as to **HealthSun Health Plans, Inc.** (improper party) pursuant to **42 U.S.C. § 1395ff(b)(1)** and **42 C.F.R. § 405(g)**.

**Respectfully submitted,**

**Coley Quinn** Plaintiff, Pro Se
4780 NW 24th Ct., Apt C109
Lauderdale Lakes, FL 33313
Email: bizventure4u@gmail.com

**CERTIFICATE OF SERVICE**

**I Hereby Certify** that on this 17th day of February 2026, a true and correct copy of the foregoing *PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (WITH BRIEF IN SUPPORT)* was (i) filed with the Clerk of the Court by the Plaintiff for service on all counsel of record, and (ii) mailed via United States Postal Service, first-class, to:

- **Nina C. Welch, Esq.,** (*counsel for HealthSun Health Plans, Inc.*), 100 S.E. 3rd Ave., Suite 2700, Fort Lauderdale, FL 33394;
- **Steven R. Petri, Esq.,** Assistant United States Attorney (*counsel for Secretary of HHS*), 500 E. Broward Blvd., Suite 700, Fort Lauderdale, FL 33174.

**Coley Quinn** Plaintiff, Pro Se

**EXHIBITS**

| **Exhibit** | **Description** |
|---|---|
| 1. | Sunbiz record showing CT Corporation as HealthSun's registered agent **(PDF # 1).** |
| 2. | Plaintiff's sur-reply confirming service on CT Corporation **(PDF # 5).** |

3. HealthSun's "Notice of Approval for Pre-Service Request" **(Exhibit C of the Complaint).**

4. MAC Decision **(Dkt. M-25-341) and** Administrative Record **(AR Vol. 1, pp. 1-7).**

5. Medical records & neurosurgeon opinions evidencing necessity of continuous opioid therapy **(AR Vol. 1, pp. 350-362).**

6. Clerk's entry of default **(Exhibit A).**

7. Documentation of the unpaid prescription balance ($49.82) **(AR Vol. 1, pp. 13-14).**

8. Plaintiff's billing statements showing $13,840.00 out-of-pocket office-visit expenses **(AR Vol. 1, pp. 81-84).**

9. Secretary of HHS' Answer to Complaint **(PDF # 17).**

**Key Authorities Cited**

- **42 U.S.C. § 1395ff(b)(1)** – proper defendant in MAC review actions [Dickinson v. Zurko].
- **42 C.F.R. § 405(g)** – implements the statutory limitation [Dickinson v. Zurko].
- **42 C.F.R. § 422.113(c)** – definition of "urgently needed services" [Rapport v. Leavitt].
- **42 C.F.R. § 422.112(a)(1)** – plan must pay medically necessary, covered services and cost-sharing.
- **Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)** – summary-judgment standard [Allied Home Mortgage Corp. v. Donovan].

- **Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)** – burden on moving party [Allied Home Mortgage Corp. v. Donovan].

- **Row 1 Inc. v. Xavier Becerra, 937 F. Supp. 2d 33, 38 (D.D.C. 2021)** – "substantial-evidence" standard of **5 U.S.C. § 706(2)(A)** [Row 1 Inc. v. Xavier Becerra].

- **Dickinson v. Zurko, 527 U.S. 150, 401 (1999)** – definition of substantial evidence [Patrick J. Reiten MD FACS v. CIGNA Health and Life Insurance Company].

- **Cota v. Maxwell-Jolly, 688 F.-3d 566, 577 (9th Cir. 2012)** – "urgently needed" medication [Rapport v. Leavitt].

- **Tillman v. Cigna Life Ins. Co., 548 F. Supp. 2d 1365, 1374-75 (S.D. Fla. 2008)** – out-of-network urgent-care reimbursement [Rapport v. Leavitt].

- **Weden v. UnitedHealth, 815 F. Supp. 2d 1135, 1141 (S.D. Fla. 2011)** – denial of OON urgent-care services unlawful [Emergency Health Centre at Willowbrook, L.L.C. v. UnitedHealthcare of Texas, Inc.].

- **Bruce v. Azar, 389 F. Supp. 3d 716, 721 (N.D. Cal. 2019)** – proper defendant under § 1395ff(b)(1) [Dickinson v. Zurko].